RECEIVED
FEB 3 2017
U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE
*Plaintiff*

Vs.

C.A. No. 17-044-M-LDA

Diversified Consultants, Inc.
*Defendants*

# COMPLAINT AND MOTION TO COMPEL ARBITRATION

## I. INTRODUCTION

1.  Plaintiff doesn't owe Diversified Consultants ("Diversified") any money whatsoever. Yet, Diversified repeatedly mails Plaintiff letters to try to shake Plaintiff down for money he doesn't owe. Plaintiff asks this Court to compel arbitration to resolve the dispute.

2.  The Plaintiff brings this action alleging that the Defendant Diversified Consultants, Inc. (hereinafter "Diversified") engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, et seq. (hereinafter "RI FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs, and attorney's fees under the FDCPA and RIFDCPA.

3.  The Plaintiff also alleges that the Defendant's conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 et seq. (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, declaratory

1

relief, and punitive damages under the DTPA.

4. Any violations by Defendant were knowing, willful, intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. § 1692(k)(d).

6. This Court has jurisdiction to hear RI FDCPA claims pursuant to RIGL § 19-14.9-13(5).

7. This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

8. Plaintiff's action for declaratory relief is authorized by the Rhode Island Uniform Declaratory Judgments Act (RIGL § 9-30-2).

## III. PARTIES

9. The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

10. Upon information and belief, Diversified maintains its United States headquarters in Jacksonville, Florida.

11. Diversified, on its website, states that "DCI is a full service collection agency."[1]

12. Upon information and belief, Defendant may be served upon its registered agent in the State of Rhode Island, to wit: InCorp Services at 222 Jefferson Blvd., Suite 200, Warwick, RI 02888.

---

[1] http://www.dcicollect.com/about/dci-about.html; accessed November 1, 2016.

13. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV. STATUTORY STRUCTURE FDCPA

14. The Fair Debt Collection Practices Act ("FDCPA") was passed by Congress to eliminate abusive debt collection practices by debt collectors. 15 U.S.C.§ 1692.

15. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

16. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

17. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

18. Under the FDCPA, a debt collector shall obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed. 15 U.S.C. § 1692g.

19. Under the FDCPA, any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. STATUTORY STRUCTURE RHODE ISLAND FDCPA

20. The Rhode Island Fair Debt Collection Practices Act ("RI FDCPA") was passed by the Rhode Island General Assembly to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from Rhode Island consumers, and to establish requirements for the registering and supervision of debt collection. RIGL § 19-14.9-2.

21. Under the RI FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. RIGL § 19-14.9-6.

22. Under the RI FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. RIGL § 19-14.9-7.

23. Under the RI FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. RIGL § 19-14.9-8.

24. Under the RI FDCPA, a debt collector shall obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed. RIGL § 19-14.9-9.

25. Under the RI FDCPA, any debt collector who fails to comply with the provisions of the RI FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorney fees as determined by the Court and costs of this action. RIGL § 19-14.9-13.

## VI. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

26. The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RIGL § 6-13.1-2.

27. Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity. RIGL § 6-13.1-1 (3).

28. Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island. RIGL § 6-13.1-1 (5).

29. Under the Rhode Island Deceptive Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

   a. Using deceptive representations or designations of geographic origin in connection with goods or services [RIGL § 6-13.1-1 (6) (iv)].
   b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have [RIGL § 6-13.1-1 (6) (v)].
   c. Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   d. Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
   e. Using any other methods, acts or practices which mislead or deceive members of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

30. Under the Rhode Island Deceptive Trade Practices Act, any provider of goods and services who fails to comply with the provisions of RIGL § 6-13.1 is liable for any

actual damages sustained; punitive damages; attorneys' fees as determined by the Court and costs of this action. The Court may also provide equitable relief. RIGL § 6-13.1-5.2.

## VII. FACTUAL ALLEGATIONS

31. At all times relevant to this Complaint, Defendant was engaged in the business of regularly collecting Debts, originally owed to third parties.

32. At all times relevant to this Complaint, Defendant acted as a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6) and the RI FDCPA at RIGL § 19-14.9-3.

33. On or about October 13, 2016, Plaintiff received mail correspondence from Defendant wherein Defendant claimed that Plaintiff owed $182.60 for a Verizon account 5504408030001.

34. Plaintiff does not owe Verizon $182.60.

35. Plaintiff had an account with Verizon for Account number 5504408030001 which was closed in 2015.

36. Plaintiff does not owe Defendant $182.60.

37. Plaintiff became frustrated when he reviewed this correspondence because he knew that he did not owe Defendant any money.

38. On or about October 13, 2016, Plaintiff disputed this debt to Defendant.

39. On or about October 23, 2016, Plaintiff received correspondence from Defendant dated as "10/18/2016," wherein Defendant continued to claim that Plaintiff owed Defendant $182.60.

40. In the afore-mentioned correspondence, Defendant states, "Please be advised that we have contacted our client, VERIZON, who has confirmed the name and address

listed on the account in addition to the amount owed. Enclosed is a summary of the charges on the account and any billing statements provided by our client that confirm the charges.

41. Defendant included in its correspondence billing statements from 2015 which claim an overdue balance of $602.59 to Verizon.

42. Nowhere in Defendant's correspondence is there reference to the amount of $182.60 originally requested.

43. Plaintiff does not owe Verizon or Defendant $602.59.

44. Plaintiff does not owe Verizon or Defendant $182.60.

45. Plaintiff does not owe Verizon or Defendant any money.

46. At the time Defendant allegedly verified the debt, Verizon knew that Plaintiff did not owe Verizon or Defendant $602.59.

47. At the time Defendant allegedly verified the debt, Verizon knew that Plaintiff did not owe Verizon or Defendant $182.60.

48. Upon information and belief, Defendant did not confirm or verify the existence of any such Verizon debt because there is no debt.

49. Defendant cannot verify a debt for $182.60 by only supplying information of a debt for $602.59 when there is no indicia of any amount owed for $182.60.

50. Defendant falsely represented a debt in connection with the collection of a debt.

51. In the correspondence from Defendant (dated 10/18/2016), Defendant employed a BOLD font to convey the following message at the bottom of its letter:

**Notice: Please turn this notice over for important information about your rights.**

52. When Plaintiff turned the notice over to view the important information about his rights, the backside of the page was blank.

53. Defendant did not provide the important information about Plaintiff's rights in the notice dated 10/18/2016.

54. Defendant employed unfair practices in the connection with the collection of a debt.

55. Plaintiff incurred damages as a result of Defendant's unlawful conduct.

### COUNT I - Federal FDCPA - False/Misleading Representations

56. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

57. The Defendant violated the restrictions the FDCPA imposes on it prohibiting it from making false, deceptive, or misleading representations.

58. The restrictions are codified at 15 USC § 1692(e).

59. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory Relief that the Defendant violated the Fair Debt Collections Practices Act,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office.
7) Declaratory Relief that the Defendant violated the Rhode Island Fair Debt Collections Practices Act.
8) Referral of this Court's findings to the Rhode Island Attorney General.
9) Such other relief as the Court may deem just and appropriate.

## COUNT II - Federal FDCPA - Unfair Practices

60. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

61. Defendant violated the restrictions the FDCPA imposes on it prohibiting Defendant from using unfair or unconscionable means while attempting to collect a debt.

62. The restrictions are codified at 15 USC § 1692(f).

63. Defendant engaged in false representation or deceptive means to obtain information concerning a consumer.

64. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory Relief that the Defendant violated the Fair Debt Collections Practices Act,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Declaratory Relief that the Defendant violated the Rhode Island Fair Debt Collections Practices Act.
8) Referral of this Court's findings to the Rhode Island Attorney General.
9) Such other relief as the Court may deem just and appropriate.

## COUNT III - Federal FDCPA – Validation of Debts

65. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

66. Defendant violated the restrictions the FDCPA imposes on it prohibiting Defendant from falsely verifying the debt.

67. The restrictions are codified at 15 USC § 1692(g).

68. Defendant falsely represented that it verified the debt concerning a consumer when it had not verified the debt.

69. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against Defendant for

10) Actual Damages pursuant to 15 USC § 1692k(a)(1),
11) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
12) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
13) Declaratory Relief that the Defendant violated the Fair Debt Collections Practices Act,
14) Referral of this Court's findings to the Federal Trade Commission,
15) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
16) Declaratory Relief that the Defendant violated the Rhode Island Fair Debt Collections Practices Act.
17) Referral of this Court's findings to the Rhode Island Attorney General.
18) Such other relief as the Court may deem just and appropriate.

## COUNT IV – RHODE ISLAND DTPA

70. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

71. Defendant violated the restrictions the RI DTPA imposes on it prohibiting Defendant from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1-1 (6) (xii-xiv).

72. Defendant engaged in false representation or deceptive means to obtain money from a consumer.

73. Defendant's actions or transactions are not permitted by the department of business regulation.

74. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

75. Such conduct and actions of Defendant were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

76. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages in the amount of $200 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that the Defendant violated the Rhode Island Deceptive Trade Practices Act;
6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution under RIGL § 19-14.9-13.
7) Injunctive Relief to restrain and enjoin Defendant from violating the Rhode Island Deceptive Trade Practices Act.
8) Injunctive Relief to permanently restrain and enjoin Defendant from conducting business in the State of Rhode Island.
9) Such other relief as the Court may deem just and appropriate.

### SUMMARY OF DAMAGES AND RELIEF PRAYED FOR

**WHEREFORE,** the Plaintiff prays for Arbitration before the American Arbitration Association against Defendant in the amount of:

a. Under Counts I, II, and III, One Thousand ($1,000.00) Dollars Statutory Damages, plus
b. Under Count IV, Two Hundred ($200.00) Dollars Statutory Damages per violation, plus
c. Costs and Attorney's fees of this action under Counts I through III, plus
d. Punitive Damages under Count IV as the Court may deem just and proper, plus

11

    e. Injunctive Relief under Count IV to restrain and enjoin the Defendant from further harassing the Plaintiff, plus
    f. Injunctive Relief under all Counts to restrain and enjoin the Defendant from conducting any debt collection efforts in the State of Rhode Island and Providence Plantations, plus
    g. Injunctive Relief to refer this Court's findings directly to the Federal Trade Commission, and Consumer Financial Protection Bureau, plus
    h. Declaratory Relief under Counts I, II and III, to include that the Defendant violated the FDCPA, plus
    i. Declaratory Relief under Count IV that Defendant violated the Rhode Island Deceptive Trade Practices Act
    j. Actual Damages to be determined for Counts I through IV, plus
    k. Any and all other relief to which Plaintiff may be entitled, including the right to amend this Compliant to add additional claims and/or additional parties after conducting appropriate Discovery.

## PLAINTIFF'S MOTION TO COMPEL ARBITRATION

NOW COMES the Plaintiff and moves to compel arbitration and stay the proceedings in this Court. This motion is brought pursuant to 9 U.S.C. § 3. Plaintiff brings this action against Defendant alleging multiple violations of consumer protection laws. Defendant acts as an agent of Verizon, who maintains an arbitration agreement that applies to all agents and affiliates, notably including third party agents who collect money on behalf of Verizon. Verizon's arbitration agreement allows Plaintiff to demand that this dispute be resolved through arbitration. As such, pursuant to 9 U.S.C. § 3, and in light of the established policy recently articulated by the Supreme Court in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), of enforcing bilateral arbitration agreements, this Court should compel the arbitration and stay proceedings pending resolution of the arbitration. The First Circuit has established four criteria that must be met before enforcing an arbitration agreement under the FAA: (1) that there is a valid arbitration agreement; (2) that the moving party is entitled to invoke the agreement; (3) that the non-moving party is bound by the agreement; and (4) that the asserted claims come within the agreement's scope. *Soto-*

*Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 474 (1st Cir. 2011) (citing *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 375 (1st Cir. 2011)); see also *Schwartz v. CACH, LLC*, No. 13-12644-FDS, 2014 U.S. Dist. LEXIS 9655, at *6-10 (D. Mass. Jan. 27, 2014) (compelling arbitration in a similar lawsuit, using Supreme Court and First Circuit precedent).

Applying this four-part analysis to the present situation reveals that Defendant is required to arbitrate claims with Plaintiff upon Plaintiff's election of its arbitration right. First, Plaintiff entered into a valid arbitration agreement with Verizon (see Exhibit A). As part of the agreement, Verizon set forth terms that would bind Defendant in the agreement. The contract was supported by valid consideration. The Agreement is a valid contract and the arbitration provisions are still in effect.

The initial complaint is within the scope of the arbitration agreement. The arbitration provision covers:

> "UNLESS YOU AND VERIZON AGREE OTHERWISE, YOU AND VERIZON CONSENT TO THE EXCLUSIVE PERSONAL JURISDICTION OF AND VENUE IN AN ARBITRATION OR SMALL CLAIMS COURT LOCATED IN THE COUNTY OF YOUR BILLING ADDRESS, FOR ANY SUITS OR CAUSES OF ACTION CONNECTED IN ANY WAY TO THE SUBJECT MATTER OF THIS AGREEMENT."
> (Exhibit A, page 8, ¶12 f)

This agreement further binds Diversified Consultants, Inc. as an agent or affiliate of Verizon products or services:

> This Agreement is not for the benefit of any third party except Verizon's parents, affiliates, subsidiaries, agents and predecessors and successors in interest.
> Exhibit A, page 8, ¶12 d)

When Diversified Consultants, Inc. acted as an agent or affiliate of Verizon, Diversified entered into this same agreement and became bound to the terms requiring

arbitration of all claims. Consequently, Plaintiff asks to compel the entire matter to arbitration with the American Arbitration Association.

**Wherefore**, the Plaintiff asks the Court to stay (or alternatively dismiss) the proceedings in this matter and compel arbitration for all of Plaintiff's claims and any other relief as the Court may deem just and appropriate.

> The Plaintiff,
> Christopher Laccinole, *pro se*
>
> _____
> Christopher M. Laccinole
> 17 Richard Smith Rd.
> Narragansett, RI 02882
> chrislaccinole@gmail.com

## CERTIFICATE OF SERVICE

The Plaintiff certifies that on the 3rd day of February, 2017, he mailed a copy of this first amended complaint and motion to compel arbitration and exhibit to:

Holly Rao (Counsel for Defendant)
OLENN & PENZA, LLP
530 Greenwich Ave
Warwick, RI 02886

                                           The Plaintiff,
                                           Christopher Laccinole, *pro se*

                                           _____
                                           Christopher M. Laccinole
                                           17 Richard Smith Rd.
                                           Narragansett, RI 02882
                                           chrislaccinole@gmail.com